WOLF, J.,
concurring.
I concur because the law requires me to do so. However, the trial court, which heard extensive testimony and was present to evaluate the witnesses, made findings explaining that the interests of society and appellee would be best served by sentencing appellee to inpatient substance abuse treatment followed by community control and probation, rather than incarceration:
1. The testimony the Court received on behalf of the Defendant indicated that she has a long history of substance abuse, and that there was a high level of substance abuse in the home as she was growing up. Until very recently she has never been involved in a substance abuse treatment program. She is currently involved in a treatment program offered to inmates in the Franklin County Jail, and the director of that program indicated that she has actively participated in the program, and he believes she is serious about wanting to conquer her addictions, and would benefit from further treatment. The Defendant is a single parent with three small children, who are currently living with her mother. Assuming treatment is successfully completed, Defendant would be reunited with her children in a shorter period of time allowing her to meet their needs.
2. The Court believes that the interest of society and the Defendant are best served by giving her an opportunity to be treated in a highly structured long term, inpatient substance abuse treatment program, to be followed by community control and probation, with a continuing condition that she avoid any form of substance abuse. If the Defendant fails to successfully complete treatment, or violates the terms of her probation, she faces a significant period of incarceration, under the suspended sentence.
*869 These findings are supported by competent, substantial evidence. Section 921.0026(2)(m), Florida Statutes, which limits a trial court’s ability to impose a downward departure sentence even if a defendant who committed' a nonviolent crime is amenable to drug treatment, is ill-advised.* A trial judge should have the discretion to listen to the evidence, evaluate the witnesses, and come up with a reasonable downward departure sentence based upon the circumstances present in a particular case. The statute unnecessarily ties a trial court’s hands.

 Section 921.0026(2)(m), Florida Statutes, allows the trial court to impose a downward departure sentence if the defendant is amenable to drug treatment. However, to be eligible for this basis for departure, a defendant must have committed a nonviolent offense and the total criminal punishment code score-sheet points must be 60 or fewer.